UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
-------------------------------------------------X

Mary Gabucan,

                Plaintiff,        Civil Action No.: 3:14-cv-394-J-39JRK

     against

                                         **VERIFIED COMPLAINT AND**
                                         **DEMAND FOR JURY TRIAL**

ARM WNY, LLC and Adam March,

                Defendant.
-------------------------------------------------X

    Plaintiff Mary Gabucan (hereinafter referred to as "Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, Attorneys at Law, brings this action to recover monetary damages, and declaratory and injunctive relief against, Defendants ARM WNY and Adam March (hereinafter referred to collectively as "Defendants", and individually as "Defendant ARM WNY" and "Defendant March", respectively), arising from Defendants' violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital

1

instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff is a natural person and a resident of the State of Florida, Orange County.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant ARM WNY is a New York collection company conducting business from offices located a 200 John James Audubon Parkway, Suite 300, Amherst, NY 14228.

6. Defendant March is an individual who, upon information and belief, was at all relevant times residing in the State of New York.

7. Upon information and belief, at all relevant times, Defendant March was acting as an owner, officer, director, manager and/or agent of Defendant ARM WNY.

8. Upon information and belief, at all relevant times, Defendant March was vested with the responsibility to manage Defendant ARM WNY.

9. Upon information and belief, Defendant March was responsible for the management and/or affairs of Defendant ARM WNY.

10. Upon information and belief, Defendant March was responsible for the day-to-day operations of Defendant ARM WNY.

11. Upon information and belief, at all relevant times, Defendant March was responsible for the supervision of Defendant ARM WNY's employees, agents and/or representatives that were attempting to collect debts.

12. Upon information and belief, at all relevant times, Defendant March was responsible for the management of Defendant ARM WNY's employees, agents and/or representatives that were attempting to collect debts.

13. Defendants regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

14. Upon information and belief, Plaintiff allegedly incurred a personal debt for a payday loan (referred to hereinafter as the "Alleged Debt").

15. Upon further information and belief, the nature of the Alleged Debt is the type of debt the FDCPA was designed to regulate.

16. In or around October 2013, Defendant ARM WNY commenced collection activities in an attempt to collect the Alleged Debt from Plaintiff by contacting the Plaintiff via telephone.

17.     On or around November 10, 2013, Defendant ARM WNY threatened to serve Plaintiff with legal papers at her place of employment.

18.     On or around February 14, 2014, February 17, 2014, February 18, 2014, and March 6, 2014, Defendant ARM WNY contacted Plaintiff's parents in an attempt to collect the Alleged Debt and stated that the call was regarding a "legal matter" for Plaintiff.

19.     However, no legal action has been taken by Defendant ARM WNY against Plaintiff to date.

20.     Upon information and belief, Defendant ARM WNY does not intend to take any legal action against Plaintiff.

21.     Upon further information and belief, Defendant ARM WNY is not a law firm.

22.     In addition, Defendant ARM WNY failed to send Plaintiff a validation notice within five (5) days of its initial communication with Plaintiff.

23.     Plaintiff has not received said validation to date.

24.     In or around the beginning of January 2014, Plaintiff requested by mail that Defendant ARM WNY cease all future communication and provide validation for the Alleged Debt.

25.     However, after failing to provide said validation and Plaintiff's cease and desist request, Defendant ARM WNY contacted Plaintiff, on or around, January 25, 2014, January 26, 2014, January 27, 2014 and February 13, 2013.

26.     As a direct consequence of the Defendant ARM WNY's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

27. As a result of Defendant ARM WNY's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692d

28. Defendants' conduct violated 15 U.S.C. §1692d in that Defendants engaged in conduct which harassed, oppressed, and/or abused Plaintiff.

29. As a result of Defendants' violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### SECOND CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e

30. Defendants conduct violated 15 U.S.C. §1692e, in that Defendants made false, deceptive, and/or misleading representations in connection with the collection of the Alleged Debt.

31. As a result of Defendants' violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### THIRD CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(2)(A)

32. Defendants' conduct violated 15 U.S.C. §1692e(2)(A) in that Defendants falsely represented the character and legal status of the Alleged Debt.

33. As a result of Defendants' violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FOURTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(5)

34. Defendants conduct violated 15 U.S.C. §1692e(5), in that Defendants threatened to take action that cannot be legally taken or that is not intended to be taken when it threatened Plaintiff with a civil suit

35. As a result of Defendants' violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FIFTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692g

36. Defendants' conduct violated 15 U.S.C. §1692g, in that Defendants failed to send validation of the debt within five (5) days of its initial communication with Plaintiff.

37. As a result of Defendants' violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SIXTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692g(b)

38. Defendants' conduct violated 15 U.S.C. §1692g(b), in that Defendants continued to contact Plaintiff after failing to validate the debt within five (5) days of its initial communication with Plaintiff.

39. As a result of Defendants' violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

40. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Mary Gabucan demands judgment from the Defendants ARM WNY and Adam March, as follows:

A.  For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B.  For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A);

C.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D.  For a declaration that the Defendant's practices violated the FDCPA; and,

E.  For any such other relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
        March 25, 2014

Respectfully submitted,

By: *s/ Jerald Alan Belofsky*
Jerald Alan Belofsky, Esq.
Fredrick Schulman & Associates
30 East 29TH Street
New York, New York 10016
(212) 796-6053
info@fschulmanlaw.com
Attorneys for Plaintiff

## VERIFICATION[1]

STATE OF Florida    )

COUNTY OF Seminole    )

Mary Gabucan, says:
[NAME]

I am the Plaintiff in the within action. I have read the within Plaintiff's Complaint, and pursuant to 28 U.S.C.A. §1746 I declare under penalty of perjury that the foregoing is true and correct. Executed on 3-19-2014

Mary Gabucan
[PRINT NAME]

Mary Gabucan
[SIGNATURE]

---

[1] A Plaintiff's Complaint is successfully verified if he/she declares under penalty of perjury that the forgoing is true and correct (See Williams v. Browman, 981 F.2d 901, 905 (6th Cir. 1992); Aaron v. Tyluki, 12-14866, 2013 WL 4670902 (E.D. Mich. Aug. 30, 2013); Brown v. Waters, 959 F.2d 233 (6th Cir. 1992) Green v. Franklin, 28 F.3d 112 (10th Cir. 1994) Owens v. Hinsley, 635 F.3d 950, 955 (7th Cir. 2011).